UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| GREGORY L. BONNETT, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No. 4:12-cv-02340-JCH |
| | ) | |
| TROY STEELE, | ) | |
| | ) | |
| Respondent. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Gregory Bonnett's Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody. (Petition, ECF No. 1.) The Petition has been fully briefed and is ready for disposition.

On July 1, 2008, a jury in the Circuit Court of St. Louis City, Missouri found Bonnett guilty of one count of forcible rape. On August 29, 2008, Bonnett was sentenced to 25 years in prison. (Petition at 1-2; Resp. Ex. A.) The Missouri Court of Appeals upheld Bonnett's conviction on direct appeal. (Petition at 2; Resp. Ex. E.) Bonnett thereafter filed a *pro se* motion for post-conviction relief pursuant to Missouri Supreme Court Rule 29.15. Bonnett was appointed counsel, and he subsequently filed an amended Rule 29.15 motion, which was denied. The Missouri Court of Appeals affirmed the denial of post-conviction relief. (Petition at 2-4; Resp. Exs. F-J.)

Bonnett is currently incarcerated at the Potosi Correctional Center in Mineral Point, Missouri. In his Petition, he raises the following two claims for relief:

(1) That Petitioner received ineffective assistance of trial counsel, in that trial counsel failed to utilize a hospital report in order to show that the victim had been drinking alcohol the day of the alleged rape, when the victim testified that she did not drink any alcohol; and

1

(2) That Petitioner received ineffective assistance of appellate counsel, in that appellate counsel incorrectly cited in his brief on appeal the statute under which he was convicted, and failed to argue that the trial court erred in excluding evidence of his prior consensual sexual relations with the victim.

(Petition at 1, 5-7.)

## DISCUSSION

"Ordinarily, a federal court reviewing a state conviction in a 28 U.S.C. § 2254 proceeding may consider only those claims which the petitioner has presented to the state court in accordance with state procedural rules." *Arnold v. Dormire*, 675 F.3d 1082, 1086-87 (8th Cir. 2012) (internal quotation and citation omitted). "In Missouri, a claim must be presented at each step of the judicial process in order to avoid default." *Id.* at 1087 (internal quotations and citation omitted). "A section 2254 applicant's failure to raise a claim in state post-conviction proceedings results in procedural default on that claim." *Lyon v. Luebbers*, 403 F.3d 585, 593 (8th Cir. 2005) (citation omitted); *see also Interiano v. Dormire*, 471 F.3d 854, 856 (8th Cir. 2006) (claims not presented in Rule 29.15 motion or included in appeal are procedurally defaulted).

"To avoid defaulting on a claim, a petitioner seeking habeas review must have fairly presented the substance of the claim to the state courts…thereby affording such courts a fair opportunity to apply controlling legal principles to the facts bearing upon [the] claim…" *Wemark v. Iowa*, 322 F.3d 1018, 1020-21 (8th Cir. 2003) (alteration in original) (internal quotations and citations omitted). "A claim has been fairly presented when a petitioner has properly raised the same factual grounds and legal theories in the state courts which he is attempting to raise in his federal habeas petition." *Id.* at 1021 (internal quotations and citation omitted).

As to Bonnett's claim that his trial counsel was ineffective for failing to utilize the hospital report to impeach the witness's testimony that she did not drink any alcohol the day in question, he did not present this claim in his Rule 29.15 motion, nor did he present it in his amended Rule 29.15 motion. Similarly, as to Bonnett's claim that his appellate counsel was ineffective for incorrectly citing the statute under which he was convicted, and for failing to argue that the trial court erred in excluding evidence of prior consensual sexual relations, he did not present this claim on post-conviction appeal. Therefore, his claims have been procedurally defaulted.

In addition, Bonnett has not alleged good cause for his failure to comply with Missouri's procedural requirements. *See Arnold*, 675 F.3d at 1087 (habeas petitioner nevertheless may have the merits of his claim examined if he can show cause for failure to properly present his claims to state courts and resulting prejudice; cause must be something external to petitioner (i.e., something that cannot fairly be attributed to him)). Furthermore, he does not submit any new evidence of his actual innocence, nor does he allege that such evidence exists. *See Osborne v. Purkett*, 411 F.3d 911, 920 (8th Cir. 2005) (in extraordinary cases, federal habeas court may grant writ, even in absence of cause, where petitioner comes forward with new evidence that was not available at trial, and shows that it is more likely than not that no reasonable juror would have convicted him in light of new evidence).[1]

---

[1] Of note, Bonnett has filed a Response to Respondent's Motion to Show Cause Why Petition Should Be Granted. (ECF No. 15.) In his Response, he asserts a number of claims that were not asserted in his original Petition, including a claim that trial counsel was ineffective for failing to gain admission of evidence of his prior consensual sexual relations with the victim. Even assuming such claims are properly before the Court, they have all been procedurally defaulted, with the exception of the ineffective assistance of trial counsel claim specified herein, which Bonnett raised in his amended Rule 29.15 motion and on post-conviction appeal. The state appeals court affirmed the motion court's finding that trial counsel had acted as a reasonably competent attorney in trying to gain admission of the evidence, but that the trial court had barred

3

Therefore, there is no basis upon which the Court can review the merits of Bonnett's claims, and they must be dismissed.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Gregory Bonnett's Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody, (ECF No. 1), is **DENIED**, and that his claims are **DISMISSED** with prejudice. A separate Order of Dismissal will accompany this Memorandum and Order.

**IT IS FURTHER ORDERED** that because Bonnett cannot make a substantial showing of the denial of a constitutional right, the Court will not issue a certificate of appealability. *See Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997).

Dated this 5th Day of October, 2015.

/s/ Jean C. Hamilton
UNITED STATES DISTRICT JUDGE

---

the evidence. (Resp. Ex. J.) Upon review of the record--including trial counsel's testimony at a post-conviction hearing that she had attempted to gain admission of the evidence, but that the trial court had denied her efforts (Resp. Ex. G)--the Court concludes that Bonnett has failed to show that his trial counsel's performance was deficient. *See Strickland v. Washington*, 466 U.S. 668, 687, 690 (1984) (in order to prevail on ineffective assistance of counsel claim, movant must show that his attorney's performance was "deficient" and prejudicial; counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in exercise of reasonable professional judgment).